## SUPREME COURT.

### WILLIAM H. WATSON agt. NEW YORK, WEST SHORE AND BUFFALO RAILWAY COMPANY.

*Railroads — Proceedings to acquire title to real estate — Practice in such proceedings — Injunction.*

Where defandant commenced proceedings under this statute (*Laws of* 1850 *chap.* 140) to acquire for the purposes of its railroad certain real estate of the plaintiff, and commissioners were appointed who made their report; and on application of the defendant upon notice to plaintiff, an order was made that the proceedings be abandoned and discontinued on payment by defendant to the attorneys of the plaintiff of certain costs and expenses, the amount being fixed in the order. The amount as fixed has been tendered, but refused. The report was directed to be filed, but its confirmation was denied without predjudice. The present action is brought to obtain either the confirmation of said award and its payment by the defendant to the plaintiff, or the payment by defendant to plaintiff of his costs and expenses in the matter, which are alleged to be $5,000. On motion by plaintiff for an injunction order restraining the defendant from taking any other proceedings to condemm said lands during the pendency of said suit, and also restraining it from entering into or taking possession of the property, and requiring it to restore certain portions of it to its original conditions:

*Held*, that as the case now stands a preliminary injunction restraining further proceedings by the company under the statute would not be proper.

*Held*, further, that as the opposing affidavits show that the defendant has not entered into possession of any of plaintiffs property, and does not intend to until authorized by law, the moving papers not showing a very serious injury in this regard, an injunction order would not be appropriate.

*Held*, also, that the necessity of a mandatory injunction order of restoration as to a certain portion of the property should appear very clearly, and the facts in this case do not require it.

*Oneida Special Term, October*, 1882.

*Motion* by plaintiff for injunction.

*E. J. Richardson* and *George W. Adams*, for plaintiff.

*F. & W. Kernan* and *C. J. Everett*, for defendant.

Watson agt. New York, West Shore and Buffalo Railway Co.

MERWIN, J. — In March, 1882, defendant commenced proceedings under the statute to acquire for the purposes of its railroad certain real estate of the plaintiff. Commissioners were duly appointed, and they, on August 2, 1882, made their report. At the Lewis special term, October 3, 1882, on the application of the defendant upon notice to plaintiff, and after hearing counsel on both sides, an order was made that the proceedings be abandoned and discontinued on the payment by the defendant to the attorneys of the plaintiff, of certain costs and expenses, the amount of which was fixed in the order.

The amount as fixed has been tendered, but refused. The report was directed to be filed, but its confirmation was denied without prejudice.

The present action is brought to obtain either the confirmation of said award and its payment by the defendant to the plaintiff, or the payment by defendant to plaintiff of his costs and expenses in the matter, which are alleged to be $5,000.

The present motion is for an injunction order restraining the defendant from taking any other proceedings to condemn said lands during the pendency of this suit, and also restraining it from entering into or taking possession of the property and requiring it to restore a certain portion of it to its original condition.

Upon this motion I do not think it would be appropriate for me to investigate the propriety or correctness of the order of October third. That was made upon full hearing and is appealable. Assuming it to be correct, the proceedings there referred to are ended and the defendant in that regard has done only what it had a right to do under the statute and the order of the court, and such action should not stand in the way of any further rights it may have in regard to the property. As the case now stands, I do not think that a preliminary injunction restraining further proceedings by the company under the statute would be proper.

As to the other branch of the motion the opposing affi-

davits show that the defendant has not entered into possession of any of plaintiff's property and does not intend to until authorized by law. The moving papers do not show a very serious injury in this regard, and in view of the denials on the part of the defendant, I do not think an injunction order would be appropriate.

In case there shall exist hereafter a different state of circumstances, the motion in that regard may be renewed.

The plaintiff also seeks an order of restoration as to a certain part of the property.

The necessity of a mandatory injunction of that kind should appear very clearly.

I do not think the facts before me require it.

Motion denied, with costs of motion to defendant to abide event.